In re TACOMA AUTO FREIGHT, Inc.

(District Court, W. D. Washington, N. D. February 16, 1925.)

No. 7476.

Appearance ⊕20—Bankruptcy ⊕17—Issuance and service of subpœna essential to give jurisdiction.

Issuance and service of a subpœna, as required by Bankruptcy Act, § 18a (Comp. St. § 9602), is essential to give the court jurisdiction over an alleged bankrupt and creditors, and its place cannot be taken by a show cause order; and this requirement is not obviated by voluntary appearance of alleged bankrupt and default for answer.

In Bankruptcy. In the matter of the Tacoma Auto Freight, Inc., alleged bankrupt. On motion by creditors appearing specially to dismiss for want of jurisdiction. Motion granted.

Upon filing the petition, the clerk, at the instance of attorneys, issued show cause order form No. 4. No subpœna was issued. The defendant did not file an answer. A receiver having been, prior to the filing of the petition, appointed by the state court, the receiver tendered an answer, but was denied. Thereupon two creditors appeared specially for the purpose of challenging the jurisdiction of the court over the alleged bankrupt and creditors, upon the ground that no subpœna had been issued or served. It is contended by the petitioners that the show cause order is in effect a subpœna, and that the creditors, not having appeared within five days after the return day, may not now challenge the jurisdiction of the court over the bankrupt.

Lundin & Barto and Louis E. Shela, all of Seattle, Wash., for petitioning creditors.

W. R. Crawford, of Seattle, Wash., for creditor Howard M. Beck.

Rickabaugh & McElroy, of Tacoma, Wash., and W. R. Crawford, of Seattle, Wash., for receiver.

Van Dyke & Thomas, of Seattle, Wash., for bankrupt.

NETERER, District Judge. Section 18, Bankruptcy Act (Comp. St. § 9602), provides that:

"Upon the filing of a petition * * * service thereof, with a writ of subpœna, shall be made * * * in the same manner * * * now had upon the commencement of a suit in equity in the courts of the United States. * * *

"Any creditor, may appear and plead * * * within five days after the return day. * * *"

Equity rule 12:

"Whenever a pleading is filed * * * the clerk shall issue the process of subpœna * * * which shall contain the names of the parties and be returnable into the clerk's office. * * *"

It shall contain a memorandum that the "answer or defense" must be filed in the clerk's office within the time stated, or "the bill may be taken pro confesso."

The order contains the names of the parties, is issued by the clerk under the seal of the court, and requires the bankrupt to show cause why the prayer of the petitioner should not be granted, a copy of which is served therewith, but no writ of subpœna is served or in fact issued.

A subpœna in chancery brings the party into court. Com. Bank of Rodney v. State, 4 Smedes & M. (12 Miss.) 439. It is for the purpose of compelling the presence of a party in court. Dishaw v. Wadleigh, 15 App. Div. 205, 44 N. Y. S. 207. The etymology of "subpœna" signifies penalty for disobedience. Burns v. Superior Court, San Francisco, 140 Cal. 1, 73 P. 597. A subpœna is a writ or order, directed to a person, requiring his attendance at a particular time and place to give testimony. Jones on Evidence, § 797. It is used for the same purpose as a citation in the courts of civil and canon law to compel the appearance of the defendant. Bouvier, 3165. The purpose of a subpœna is to place a party under the order and censure of the court. 1 Thompson on Trials, § 160; 1 Greenl. on Evidence, § 315.

The order to show cause contains some essentials of a subpœna. It does not show, however, that it is a command of the United States. The subpœna runs from the "United States" to the party, commanding him to answer within the given time, under the pains and penalties which may befall. The order is only a direction of the clerk under the seal of the court. No penalty for nonappearance is provided and none can be invoked. A creditor, consulting the record, would justly assume that, no subpœna having issued, none was served, and that the court did not have jurisdiction of the alleged bankrupt. The voluntary appearance of the bankrupt and default for answer did not obviate the necessity of subpœna.

The motion on special appearance is sustained.